IN THE UNITED STATES DISTRICT COURT20-360
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC X. RAMBERT, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 21-2823 |
| | : | |
| v. | : | |
| | : | |
| LAWRENCE KRASNER, D.A. | : | |
| PHILADELPHIA, | : | |
| | : | |
| Respondent. | : | |

**<u>MEMORANDUM OPINION</u>**

Smith, J.                                                                                                    September 29, 2021

The *pro se* petitioner is a prolific filer who has filed numerous habeas petitions challenging

his conviction and sentence entered in the Court of Common Pleas of Philadelphia County in 1983.

This petitioner has now filed yet another habeas petition under 28 U.S.C. § 2254, which appears

to be the 13th time that he has challenged his sentence or conviction via a federal habeas petition

filed in a federal district court. The petitioner has also sought leave to proceed *in forma pauperis*.

As discussed below, the instant petition is a second or successive habeas petition, which

the court must dismiss for lack of subject-matter jurisdiction because the petitioner did not first

obtain authorization from the Third Circuit Court of Appeals before filing it. In addition, the court

will deny the application for leave to proceed *in forma pauperis* because it is deficient.

## I.    PROCEDURAL HISTORY

The *pro se* petitioner, Eric X. Rambert ("Rambert"), filed a petition for a writ of habeas

corpus under 28 U.S.C. § 2254, an application for leave to proceed *in forma pauperis*, and a

prisoner trust fund account statement, all which the clerk of court docketed on June 23, 2021. *See*

Doc. Nos. 1–3. In the habeas petition, Rambert includes limited and sporadic factual allegations.

Rambert indicates that, while still a juvenile, he was arrested and charged with various crimes. *See* Pet. for Writ of Habeas Corpus Pursuant to § 2254 for Appeal Nunc Pro Tunc ("Pet.") at ECF p. 1, Doc. No. 2. Rambert was certified from juvenile to adult court in the Court of Common Pleas of Philadelphia County, and his charges were docketed at No. CP-51-CR-625331-1983. *See id.* Rambert entered a guilty plea on November 21, 1983.[1] *See id.* In July 1984, Rambert filed a post-conviction collateral relief petition "after being abandoned by trial counsel not filing the petitioner's direct appeal." *Id.* In April 2005, the petitioner discovered that he was classified as a career criminal under 42 Pa. C.S. § 9714 and was "selected and placed in the career criminal program before Judge James D. McCrudden." *Id.*

After providing the court with this factual background, Rambert purports to "invoke this court's jurisdiction," asserting that there are extraordinary circumstances which should toll the timeliness of the petition. *See id.* at ECF pp. 2–3. It appears that Rambert claims that his extraordinary circumstances are that his trial counsel (1) failed to file a direct appeal after he had expressly asked him to do so, (2)"affirmatively deceive[d]" him about having filed a direct appeal, and (3) "persistently neglect[ed]" his case. *Id.* at ECF p. 2.

---

[1] Rambert pleaded guilty to charges of rape, involuntary deviate sexual intercourse, burglary, robbery, and conspiracy, all relating to an incident where he broke into the home of a 75-year-old woman, robbed her and violently raped her. *See Commonwealth v. Rambert*, No. 3634 EDA 2017, 2018 WL 4402132, at *1 (Pa. Super. Sept. 17, 2018). On the same date as his guilty plea, the trial court sentenced Rambert to an aggregate term of imprisonment of a minimum of ten years to a maximum 25 years. *Id.*

In addition, Rambert is still imprisoned because he was also convicted of assault by a prisoner, riot, and conspiracy in the Court of Common Pleas of Allegheny County in 1987. *See Commonwealth v. Rambert*, No. 1395 WDA 2018, 2019 WL 1513167, at *1 (Pa. Super. Apr. 5, 2019). In that same year, Rambert received an aggregate sentence of six to 25 years' imprisonment. *See id.* The sentencing court ordered that this sentence would run consecutively with his prior sentence. *See Rambert v. Overmyer*, Civ. A. No. 17-42E, 2018 WL 1320374, at *1 (W.D. Pa. Feb. 1, 2018) (describing sentence), *report and recommendation adopted by* Civ. A. No. 1:17cv42, 2018 WL 1353313 (W.D. Pa. Mar. 14, 2018). It appears that per the Commonwealth of Pennsylvania Department of Corrections' calculations, Rambert has a minimum release date of June 2, 1999, and a maximum release date of June 2, 2033. *See id.* (referencing release dates).

Believing that the instant petition is timely, Rambert wishes to assert the following claims:

GROUND ONE: The Petitioner was a juvenile at all times of the proceedings and was not notified of his unlawful career criminal status or that he was being tried in the career criminal program in which trial counsel failed to file a direct appeal.

SUPPORTING FACTS: The Petitioner was not a career criminal because he had NO prior convictions and he was being tried in a tribunal without jurisdiction because the career criminal program was only for defendants convicted three times for offenses of Homicide, Rape, Involuntary Deviate Sexual Intercourse, Burglary, Aggravated Assault or twice convicted for Robbery. Trial Counsel's challenge to remove the PETITIONER from the Career Criminal Program was unsuccessful which is clearly an APPEALABLE CONSTITUTIONAL CLAIM FOR RELIEF and trial counsel FAILED TO FILE AN [sic] CHALLENGING the Placement. SEE: Exhibit "A" (May 10, 2005 Letter from trial counsel, conveying that the Appellate Courts have rejected such challenges uniformly, and there would have been no DIRECT APPELLATE REVIEW of your case in light of your having pled guilty.)

GROUND TWO: The Trial Court erred when it MISLED the Petitioner of A CAREER CRIMINAL SENTENCE IF PETITIONER WENT [sic] TRIAL AND [sic] FOUND GUILTY WOULD BE ENHANCED, WITHOUT EVER NOTIFYING THE PETITIONER OF HIS CAREER CRIMINAL CLASSIFICATION OR CAREER CRIMINAL PROGRAM TRIBUNAL and DID NOT WARN THE PETITIONER OF THE NEED TO PRESERVE A CLAIM.

SUPPORTING FACTS: The Petitioner was a juvenile defendant with no PRIOR convictions and because the trial court was of the understanding that the Petitioner was a career criminal because the Petitioner was before the Career Criminal Program Jurisdiction. He was obviously aware because trial counsel's August 1, 2005 letter to the Petitioner herein as Exhibit "B" Counsel says the challenge to the Petitioner's assignment to the Career Criminal Program as unsuccessful in Removal. Clearly Petitioner was misled and it was a NEED to preserve the claims and Petitioner was not led or warned of his rights to appeal.

*Id.* at ECF pp. 3–4.

## II.   DISCUSSION

This is not Rambert's first habeas proceeding. As this court previously noted, Rambert has

filed numerous habeas petitions in this district ) challenging his convictions and sentence at No.

CP-51-CR-625331-1983 in the Court of Common Pleas of Philadelphia County. *See* Mem. Op. at

4 and n.3, *Rambert v. Estock, et al.*, Civ. A. No. 20-3604, Doc. No. 6 (explaining that Rambert had

filed at least eleven habeas petitions challenging his sentence or underlying convictions and identifying those cases).[2] Through this habeas petition, Rambert is challenging his underlying conviction and sentence at No. CP-51-CR-625331-1983 yet again. As such, the petition is subject to the authorization requirements of 28 U.S.C. § 2244(b).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that a petitioner cannot file a second or successive petition for habeas corpus relief in a district court without first seeking and receiving approval from the appropriate court of appeals. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *see also Benchoff v. Colleran*, 404 F.3d 812, 816 (3d Cir. 2005) ("As a procedural matter, § 2244(b)(3)(A) establishes a 'gatekeeping' mechanism that requires a prospective applicant to 'file in the court of appeals a motion for leave to file a second or successive habeas application in the district court.'" (quoting *Felker v. Turpin*, 518 U.S. 651, 657 (1996))). If the petitioner fails to first obtain approval from the appropriate court of appeals, a district court lacks subject-matter jurisdiction to consider the second or successive habeas petition. *See Burton v. Stewart*, 549 U.S. 147, 157 (2007) ("The long and short of it is that [the petitioner] neither sought nor received authorization from the Court of Appeals before filing his...'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it.").

---

[2] In Civil Action No. 20-3604, this court dismissed Rambert's impermissibly filed second or successive habeas petition on September 14, 2020. *See Rambert v. Estock, et al.*, Civ. A. No. 20-3604, Doc. Nos. 6, 7. Rambert appealed from this decision on September 22, 2020. *See id.*, Doc. No. 8. On March 16, 2021, the Third Circuit denied Rambert's request for a certificate of appealability. *See* Docket, *Rambert v. Superintendent Pine Grove SCI, et al.*, No. 20-3151 (3d Cir.).

"Section 2244 . . . does not define what constitutes a 'second or successive' petition." *Benchoff*, 404 F.3d at 816; *see also Christy v. Horn*, 115 F.3d 201, 208 (3d Cir. 1997) ("While the AEDPA requires [the procedure of first obtaining authorization from a court of appeals before filing a second or successive application], it does not define what is meant by 'second' or 'successive.'" (alteration to original)). Nonetheless, "'a prisoner's application is not second or successive simply because it follows an earlier federal petition.'" *Benchoff*, 404 F.3d at 817 (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)); *see also Stewart v. Martinez-Villareal*, 523 U.S. 637, 643 (1998) ("This may have been the second time that respondent had asked the federal courts to provide relief on his *Ford* claim, but this does not mean that there were two separate applications, the second of which was necessarily subject to § 2244(b)."). If, however, "a prisoner has filed a previous habeas petition that was adjudicated on the merits, he may not file a second or successive petition in the district courts without first seeking leave from the Court of Appeals." *In re Stitt*, 598 F. App'x 810, 811 n.1 (3d Cir. 2015). In addition, the second or successive "doctrine . . . bar[s] claims that ***could have been raised*** in an earlier habeas corpus petition" but were not raised by the petitioner. *Benchoff*, 404 F.3d at 817 (emphasis added) (citations omitted).

After reviewing the instant habeas petition, the court concludes that it is a successive habeas petition.[3] As indicated above, Rambert cannot file this successive petition seeking habeas

---

[3] The court notes that Rambert appears to assert that he is entitled to equitable tolling in the filing of this petition. *See* Pet. at ECF p. 3 ("The Petitioner invokes this Court's EXTRAORDINARY CIRCUMSTANCE TOLLING the timeliness . . . ."). Regarding equitable tolling, courts should sparingly apply this doctrine. *See LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005) ("We have cautioned . . . that courts should be sparing in their use of this doctrine."). Equitable tolling applies

> "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice." *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998) (quotation marks and citation omitted). Equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair," *Miller*[ *v. N.J. St. Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998)] (quotation marks and alterations omitted), such as when a state prisoner faces

corpus relief without first seeking and receiving approval from the Third Circuit Court of Appeals. *See Benchoff*, 404 F.3d at 817. Rambert has neither sought nor obtained an order from the Third Circuit allowing this court to consider the merits of this successive habeas petition. Accordingly, this court does not have subject-matter jurisdiction to consider it. *See* 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139–40 (3d Cir. 2002) (explaining that section 2244 "limits the authority of the district court to consider second or successive petitions without an order of the court of appeals").

If "a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson*, 313 F.3d at 139; *see* 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed."). When determining whether to transfer a habeas action to the court of appeals, the district court should "consider whether the petitioner alleges sufficient facts to satisfy the gatekeeping requirement of the relevant habeas provision." *Lee v. Lane*, No. 1:15-CV-2195, 2017 WL 3167410, at *3 (M.D.

---

extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims. *Fahy v. Horn*, 240 F.3d 239, 244-45 (3d Cir. 2001). Mere excusable neglect is not sufficient. *Miller*, 145 F.3d at 618-19; *see also Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999).

*LaCava*, 398 F.3d at 275–76 (first alteration in original).

Applying these principles concerning equitable tolling, Rambert has failed to show extraordinary circumstances that prevented him from filing a timely habeas petition. He does not even attempt to plausibly articulate how his trial counsel's alleged failure to file a requested direct appeal in 1983 affected his ability to timely file this habeas petition. Moreover, he fails to demonstrate that he exercised reasonable diligence in attempting to investigate and bring his claims asserted in this case, which he is asserting almost 20 years after he filed his first habeas petition in this district. *See Rambert v. Varner*, No. Civ. A. 01-CV-2178, 2002 WL 32349128 (E.D. Pa. Mar. 28, 2002) (denying section 2254 petition for being untimely), *report and recommendation adopted by* 2002 WL 1608225 (E.D. Pa. July 17, 2002). Accordingly, Rambert is not entitled to equitable tolling and cannot attempt to use this doctrine to save this improperly filed second or successive section 2254 petition.

Pa. June 23, 2017) (citations omitted); *see Hatches v. Schultz*, 381 F. App'x 134, 137 (3d Cir. 2010) (per curiam) ("In deciding that it would not be in the interest of justice to transfer the petition to the Fourth Circuit, the District Court properly considered whether Hatches had alleged facts sufficient to bring his petition within the gatekeeping requirement of § 2255 permitting 'second or successive' petitions based upon newly discovered evidence or a new rule of constitutional law." (citation omitted)).

As the court concludes that the instant petition is a second or successive petition, the only other question is whether to dismiss the petition or to transfer it to the Third Circuit. This question requires the court to examine whether Rambert has alleged sufficient facts to satisfy the gatekeeping requirement of the relevant habeas provision. *See Lee*, 2017 WL 3167410, at *3. The habeas statute provides that a court must dismiss a second or successive habeas petition unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Here, as Rambert has not identified his current habeas petition as a successive petition, he understandably does not attempt to explain how his petition could qualify as a proper second or successive petition under 28 U.S.C. § 2244(b)(2). Nevertheless, none of his claims involve a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A). In addition, while Rambert raises

claims relating to his trial counsel not filing a requested notice of appeal back in 1983, he has not alleged that "the factual predicate for the claim[s] could not have been discovered previously through the exercise of due diligence," 28 U.S.C. § 2244(b)(2), or even attempted to identify any new evidence. While this court expresses no opinion about the merits of Rambert's claims, *see Hatches*, 381 F. App'x at 137 ("[T]his inquiry as to the factual predicate of Hatches' claims did not require—and the District Court did not express—any opinion on the merits of the claims."), the court finds that the interests of justice do not warrant transferring this matter to the Third Circuit. Accordingly, the court dismisses this matter without prejudice for lack of subject-matter jurisdiction.

The court also notes that Rambert's motion to proceed *in forma pauperis* is deficient and, as such, the court must deny it. Rambert failed to submit the required certification of his institutional account balance for the six-month period immediately preceding his filing of the instant habeas petition. *See* 28 U.S.C. § 1915(a)(2). Instead, he included an uncertified prisoner trust fund account statement covering only a ten-day period from May 1, 2021 through May 11, 2021. *See* Doc. No. 3. Additionally, Rambert did not use a copy of the court's current application to proceed *in forma pauperis*, but instead drafted a motion on his own. *See* Doc. No. 1. Rambert's motion, however, does not contain sufficient financial information to grant him leave to proceed *in forma pauperis* in this action. Nonetheless, considering that the court is dismissing this action for lack of subject-matter jurisdiction, no further action is required with respect to Rambert's *in forma pauperis* request.

### III.    CONCLUSION

For the above-stated reasons, the court will deny Rambert's request for leave to proceed *in forma pauperis* and dismiss without prejudice his petition for habeas corpus relief under section 2254 for lack of subject-matter jurisdiction.[4]

The court will enter a separate order.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[4] The court will also decline issuing a certificate of appealability because Rambert has not made the requisite "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).